UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DIAMONDS PAINTING, INC., *doing business as* PETSLIFY

               Plaintiff,

      v.

CC BRAND HOLDINGS, LLC, *doing business as* CUDDLE CLONES,

               Defendant.

---

**MEMORANDUM DECISION AND ORDER**

26-cv-3900 (BMC)

---

**COGAN**, District Judge.

This is a false advertising and deceptive business practice case between two competitors in the market for customized stuffed animals designed to replicate a consumer's pet. Earlier this year, defendant CC Brand Holdings, LLC ("Holdings") sued plaintiff Diamonds Painting, Inc. ("Diamonds"), and that case was settled. The parties have returned to the Court in a virtually identical case, but on opposite sides of the caption. Diamonds has moved for a preliminary injunction. For the reasons below, the motion is denied.

## BACKGROUND

Before Holdings sued Diamonds in the prior case, Holdings sent Diamonds numerous correspondence concerning what Holdings viewed as Diamonds' false advertising and deceptive business practices. In response, Diamonds sometimes defended its acts, and sometimes agreed to change things. But consistently, Diamonds told Holdings' counsel that it had "reviewed [Holdings'] product page" and identified similar acts by Holdings that Holdings was complaining about with respect to Diamonds. In other words, Diamonds told Holdings to look in the mirror before pointing out another company's flaws.

Despite the lengthy correspondence, Holdings was unsatisfied, and sued Diamonds for false advertising and deceptive business practices under the Lanham Act and New York law. See CC Brand Holdings, LLC v. Diamonds Painting, Inc., No. 26-cv-0049 (E.D.N.Y. Jan. 5, 2026).  That case settled with Diamonds agreeing to remedy the conduct Holdings complained of (in both the suit and the original correspondence).  The settlement agreement also contained an arbitration clause for any disputes arising out of the settlement.

In this case, Diamonds has sued Holdings for essentially all the same things for which Holdings previously sued Diamonds.  Diamonds moved for a temporary restraining order and preliminary injunction and Holdings cross-moved to compel arbitration.  The Court held a hearing and denied Diamonds' motion for a temporary restraining order, reserved judgment on the preliminary injunction, and denied Holdings' arbitration motion, for which Holdings filed an interlocutory appeal.

At the hearing, Holdings opposed the injunction on the merits but represented to the Court that it would, in the following five days, on a without prejudice basis, be "voluntarily reviewing [the issues identified by Diamonds] as a matter of good-faith operational hygiene," and would make changes that would render any injunction unnecessary.  Holdings subsequently filed a letter describing the remedial measures implemented.  Diamonds finds these measures inadequate, and has maintained its motion for a preliminary injunction.  For the reasons below, the motion is denied.

## **DISCUSSION**

### I.    **Legal Standard**

A party seeking a preliminary injunction must demonstrate "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly

2

toward the party requesting the preliminary relief." Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35 (2d Cir. 2010) (quoting Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir. 1979)).

A Lanham Act plaintiff who demonstrates a likelihood of success is entitled to a rebuttable presumption of irreparable harm. See 15 U.S.C. § 1116(a). Courts in this Circuit apply that presumption to false-advertising claims such as these. See, e.g., Zesty Paws LLC v. Nutramax Labs., Inc., No. 23-cv-10894, 2024 WL 2853622 (S.D.N.Y. June 4, 2024), rev'd on other grounds, 157 F.4th 194, 196-97 (2d Cir. 2025).

## II.    Analysis

Before turning to the preliminary injunction, the Court must address the effect of Holdings' appeal of the Court's denial of its motion to compel arbitration.

The Court denied Holdings' arbitration motion because the instant dispute was plainly outside the scope of the arbitration clause. Diamonds urged the Court to decide the preliminary injunction motion swiftly because Holdings "threatened an interlocutory appeal from [the] Order denying arbitration, [which] would automatically stay further proceedings in this Court [under] Coinbase, Inc. v. Bielski, 599 U.S. 736 (2023)."[1] A few hours after Diamonds renewed its motion, Holdings did indeed file such an interlocutory appeal.

---

[1] It is true that Coinbase requires "a federal district court [that] denies a motion to compel arbitration [to] stay its pre-trial and trial proceedings while the interlocutory appeal is ongoing." 599 U.S. at 738. But Coinbase did not necessarily rule out a plaintiff's ability to seek injunctive relief pending such an appeal. See id. at 759 (Jackson, J., dissenting) ("A plaintiff's request for injunctive protection against imminent harm . . . goes unanswered under the majority's rule."). And, as one court noted, even "the petitioner in Coinbase expressly conceded that courts may issue injunctions to preserve the status quo despite a pending appeal." Columbia Gas Transmission, LLC v. RDFS, LLC, No. 23-cv-364, 2024 WL 973114, at *4 (N.D. W. Va. Feb. 21, 2024) ("[Defendant's] appeal has no effect on the Court's ability to fully consider [plaintiff's] motion for preliminary injunction"). Thus, it is unclear whether Coinbase strips a district court of jurisdiction to issue injunctive relief notwithstanding such an interlocutory appeal. The Court need not decide that question, however, because, as discussed below, the Court retained pre-trial jurisdiction notwithstanding Holdings' appeal on other grounds.

Diamonds moved to certify Holdings' appeal as frivolous and asked the Court to retain jurisdiction while the interlocutory appeal played out.  After briefing and a hearing, the Court agreed with Diamonds that Holdings' appeal is "frivolous [because] it 'lacks an arguable basis either in law or in fact,'" Tafari v. Hues, 473 F.3d 440, 442 (2d Cir. 2007) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)), allowing the Court to "retain jurisdiction notwithstanding appeal," Carroll v. Trump, 88 F.4th 418, 433 (2d Cir. 2023) (citing Andersen LLP v. Carlisle, 556 U.S. 624, 629 (2009)).

Accordingly, the Court proceeds to the merits of Diamonds' motion for a preliminary injunction.  The Court also assumes, for the purpose of this motion, that Diamonds has shown a likelihood of success on the merits, giving it a rebuttable presumption of irreparable harm.  See 15 U.S.C. § 1116(a).  Thus, the operative question is whether Holdings has rebutted that presumption.  The Court finds that Holdings has rebutted Diamonds' presumption based on a combined effect of (1) Diamonds' delay in seeking the injunctive relief and (2) Holdings' remedial measures taken after the Court reserved judgment on the injunction.

### A.      Diamonds' Delay

"Preliminary injunctions are generally granted under the theory that there is an urgent need for speedy action to protect the plaintiff's rights.  Delay in seeking enforcement of those rights, however, tends to indicate at least a reduced need for such drastic, speedy action." Citibank, N.A. v. Citytrust, 756 F.2d 273, 276 (2d Cir. 1985).  In some circumstances, "delay may not negate the presumption of irreparable harm if the delay was caused by the plaintiff's ignorance," but "if it is not so explainable, 'delay alone may justify denial of a preliminary injunction.'" Tough Traveler, Ltd. v. Outbound Prods., 60 F.3d 964, 968 (2d Cir. 1995) (quoting Citytrust, 756 F.2d at 276).

There is no bright-line rule for the length of the delay, but the Second Circuit has "found delays of as little as ten weeks sufficient to defeat the presumption of irreparable harm that is essential to the issuance of a preliminary injunction." Weight Watchers Int'l v. Luigino's, Inc., 423 F.3d 137, 144 (2d Cir. 2005); see also Two Hands IP LLC v. Two Hands Am., Inc., 563 F. Supp. 3d 290, 301 (S.D.N.Y. 2021) (finding that a plaintiff's delay of "more than three months" counseled against a finding of irreparable injury).

Holdings contends that Diamonds delayed for over a year in seeking a preliminary injunction. Holdings' theory is that, in light of the parties' correspondence before the prior case, Diamonds has long known about all of Holdings' conduct it now seeks to enjoin. Diamonds counters that Holdings' conduct is different from what Diamonds had identified in the prior correspondence. Thus, says Diamonds, there has in fact been no delay. The Court is not persuaded.

One category of Holdings' conduct at the forefront of this case is Holdings' representations of its products' country of origin. As Diamonds sees it, Holdings misleads customers into thinking its products are made in the United States by including on its website statements such as "Proud American Company" or "based right here in the USA," when in fact the manufacturing process is based in the People's Republic of China.

Correspondence from Diamonds to Holdings from mid-2025 identified the same issues. In an April 25, 2025, email to Holdings' counsel, Diamonds stated: "we also reviewed your client's public-facing materials and found no visible disclosure regarding the manufacturing origin of [Holdings'] products, including on their About Us and product pages." And in a May 12, 2025, letter, Diamonds stated: "Your client's product page includes phrasing such as 'handcrafted by skilled artisans,' while other pages of the website list a U.S.-based mailing

address and a U.S. customer support contact number.  Taken together, these elements may reasonably create the impression that the products are manufactured in the United States." That is on all fours with the conduct that Diamonds asserts must now be enjoined.

Although the prior correspondence does not expressly identify the other alleged misconduct brought in the complaint (*i.e.*, misrepresentations about a money-back guarantee, inflated reviews, and faux discounts), Diamonds alleges that this conduct has been going on since 2024.  And all of the alleged misconduct, as described, is identifiable on the face of Holdings' public website.  Thus, if Diamonds was able to identify Holdings' alleged country-of-origin misrepresentations at least as early as April 2025, there is no reason it could not have also identified the other alleged acts.  In other words, the delay in bringing this motion is not owed to "plaintiff's ignorance" about Holdings' conduct.  Tough Traveler, 60 F.3d at 968.  Diamonds' delay in seeking a preliminary injunction, "for which [it] provide[s] no explanation, suggests that there is, in fact, no irreparable injury."  UGX Brands, LLC v. City of Norfolk, No. 24-cv-5839, 2025 WL 2083797, at *2 (S.D.N.Y. July 24, 2025) (internal quotation marks and citation omitted).

### B.       Holdings' Remedial Measures

Diamonds, relying on Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167 (2000), contends that Holdings' remedial measures are insufficient to overcome the need for a preliminary injunction because Holdings did not make it "absolutely clear [that] the allegedly wrongful behavior could not reasonably be expected to occur."  See id. at 189.

First, Friends of the Earth is about mootness, *i.e.*, whether the case has "become moot" based on a "defendant's voluntary cessation of allegedly unlawful conduct."  Id. at 179.  The present issue is not whether the case, or the ultimate relief Diamonds seeks (*i.e.*, a *permanent*

6

injunction), is moot.  Rather, the issue is whether Holdings has rebutted Diamonds' showing of irreparable injury warranting a *preliminary* injunction.

At the same time, "a defendant's 'voluntary cessation of a challenged practice [is] an important factor bearing on the question whether a court should exercise its power' to entertain a request for injunctive relief[.]" Holland v. Goord, 758 F.3d 215, 223 (2d Cir. 2014) (quoting City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289 (1982)).  Such a request requires a finding that Diamonds would suffer "irreparable harm absent injunctive relief," We the Patriots USA, Inc. v. Hochul, 17 F.4th 266, 294 (2d Cir. 2021) (quotations omitted), and Holdings has demonstrated a willingness to remediate without the Court's intervention.  Indeed, Holdings has, in short order, undertaken a substantial overhaul of the allegedly unlawful business practices identified by Diamonds, despite having no real obligation to do so.  That in and of itself cuts against granting a preliminary injunction.

Moreover, Holdings' remedial measures were far from perfunctory.  Holdings changed its price displays, promotional sales policies, advertisements, country-of-origin representations, and how it presents its money-back guarantee to consumers.  Diamonds contends that the remedial measures are "incorrect or at best incomplete," and that may be.  But Diamonds expects too much at this juncture.

It is not as if Holdings hoodwinked the Court by promising to take certain measures to avoid a preliminary injunction, and then shirked those promises once the initial threat had passed.  Given the extensive delay discussed above, the Court was always skeptical that Diamonds had maintained any presumption of irreparable harm.  Holdings' remedial measures, coupled with that delay (which is, alone, reason enough to deny the motion), make certain that any such presumption has been rebutted.

7

## CONCLUSION

Plaintiff's motion is denied.  The denial is without prejudice because if Holdings reneges or commits additional wrongful acts that warrant injunctive relief, plaintiff may re-file its motion.


**SO ORDERED.**

*Brian M. Cogan*

Dated:  Brooklyn, New York                                           U.S.D.J.
             July 21, 2026

8